## W A CROSS CO, Inc v BOTTIGHEIMER et

Ohio Appeals, 7th Dist, Mahoning Co

Decided 1934

W. B. Mente, Cincinnati, and Foster & Cameron, for plaintiff in error.

Peck, Shaffer & Williams, Cincinnati, for defendant in error.

Hahn & Hunt, Youngstown, for appellant.
D. F. Rendinell, Youngstown, for appellees.

**OPINION**

By SMITH, J.

The only question in this case, however, is as to the right of the plaintiff to the possession and control of said prescriptions, and it is not necessary to recite the proceedings had in the Common Pleas Court in connection with the receivership proceedings.

Plaintiff concedes that the title to the prescriptions is in the person who present-

ed them, but claims it is entitled to the possession thereof so that it will have the benefit of the business of refilling any of said prescriptions. The record indicates that such refill business is substantial. Expert witnesses were called, who testified that it is the usual practice in the drug business that the prescription be retained on file by the pharmacy filling the same, but that the owner of the prescription can at any time demand the delivery of the prescription to him.

The petition is based on the terms and conditions of the contract.

The first exception, as to the last portion of paragraph 4 of the findings of fact in the report of the master commissioner, as follows:

"that the defendant, Elizabeth Bottigheimer, was in sole possession and control of said space,"

is, in our opinion, not well taken. We believe the weight of the evidence in the record supports that finding.

The second exception is as to paragraph 5 of said report. Paragraph 5 is as follows:

"I find that it was the custom, long established in the drug trade, that prescriptions, when filled, were retained by the party filling them."

In our opinion, the weight of the evidence in this case supports that finding.

The third exception applies to paragraphs 1, 2, 3, 4 and 5 of the conclusions of law contained in the master commissioner's report. It is our opinion that the weight of the evidence in the record supports the finding of facts upon which said conclusions of law are based, and that such conclusions are not contrary to law nor against the manifest weight of the evidence.

We do not, however, concur in the eighth finding of fact of the special master commissioner, in which he finds:

"There was no material departure from the terms and conditions of said written contract, except that the 10% of the gross sales payable to the drug company was later changed to a flat rate of $20.00 per month."

We believe that the weight of the evidence in this case clearly establishes the fact that there was a marked departure in the manner in which this business was

operated from the terms and conditions of the contract. The business was not conducted in the name of the plaintiff, but was conducted as the "Cross Prescription Department." Defendants' exhibits 3, 4, 5, 6, 7 and 8 clearly show this. The defendant procured and furnished to various physicians and dentists practicing in Youngstown, prescription blanks which contained the following statement:

"Cross Prescription Department
Elizabeth Bottigheimer, Prop.
103 West Federal Street. 6 East Federal St. 25 E. Federal Street.
Youngstown, Ohio"
(DX-7 and DX-8)

The record also shows that the licenses necessary in connection with the operation of this business were issued in her name, as follows:
"R. Elizabeth Bottigheimer.
DBA Cross Prescription Dept.,
25 E. Federal St."
(DX-11)
"Elizabeth R. Bottigheimer
dba Cross Prescription Dept.
103 W. Federal St."
(DX-12)
"R. Elizabeth Bottigheimer
103 W. Federal St."
(DX-13)

These licenses occupied a conspicuous place in her department.

While it is true that Mr. Miller, manager of the plaintiff's store, says that he had no knowledge of these facts, it is difficult to see how he could have avoided such knowledge in the performance of his duties as manager. At the time this contract was entered into and for a considerable period thereafter, William J. Casey was manager of plaintiff's drug stores in the City of Youngstown. He was called by and testified for the defendant. He says that he knew of the prescription blanks (DX-7) furnished by defendant to the physicians, and saw these prescription blanks when they were presented by the various doctors to the store of the plaintiff. He also testifies that Mr. Miller at different times discussed the status that the defendant had in connection with the plaintiff in the operation of this prescription department, and that Mr. Miller advised him that the prescription department belonged exclusively to defendant and that plaintiff had no interest therein. He also corroborates defendant in a conversation she claims to have had with Mr. Miller in regard to possession of said prescriptions in the event of the termination of said contract. Defendant claims that Mr. Miller told her at or about the time the contract was entered into, that in the event of termination all rights to the prescriptions would belong to her.

We therefore find that Elizabeth Bottigheimer is entitled to the possession of said prescriptions, subject to the right of the persons owning the various prescriptions to the possession thereof, and is entitled to the benefit of the business of refilling the same, and that plaintiff has no rights in connection therewith.

Judgment is, therefore, entered in favor of the defendant, Elizabeth Bottigheimer, and the petition of the plaintiff is dismissed and judgment rendered against the plaintiff for the costs of this proceeding.

ROBERTS and LYNCH, JJ, concur in the judgment.